IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| WILLIAM M., | * |
| Plaintiff, | * |
| v. | *   Civil No. TMD 19-1282 |
| ANDREW M. SAUL, | * |
| Commissioner of Social Security, | * |
| Defendant.[1] | * |
| ************ | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff William M. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 13).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Judgment (ECF No. 13) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

**I**

**Background**

On March 14, 2018, Administrative Law Judge ("ALJ") William R. Stanley held a hearing where Plaintiff and a vocational expert testified.  R. at 70-114.  The ALJ thereafter found on May 8, 2018, that Plaintiff was not disabled from his alleged onset date of disability of April 1, 2008, through the date last insured (the "DLI") of September 30, 2013.  R. at 16-29.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity from April 1, 2008, through the DLI, but he did not have a severe impairment or combination of impairments through the DLI.  R. at 22-24.  The ALJ thus found that Plaintiff was not disabled from April 1, 2008, through September 30, 2013.  R. at 25.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on May 1, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

**II**

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R.

§§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1522(b), 416.922(b).  These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching,

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity ("RFC") to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

---

carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012).  The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.

*See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously determined that he did not have a severe impairment. Pl.'s Mem. Supp. Mot. Summ. J. 3-6, ECF No. 12-1. He also argues that the ALJ failed to develop properly the administrative record. *Id.* at 6-8. For the reasons discussed below, Plaintiff's arguments are unavailing.

The Court turns first to Plaintiff's argument that the ALJ failed to develop properly the administrative record by failing to question him regarding the relevant period between April 1, 2008, and September 30, 2013. According to Plaintiff, neither the ALJ nor his attorney asked him any questions directly addressing his limitations and his complaints of pain before September 30, 2013. Thus, neither the ALJ nor his attorney "addressed the nature, severity, or functionally limiting effects of [his] impairments during the proper time period at issue." *Id.* at 7. "[T]he administrative hearing process is not an adversarial one, and an ALJ has a duty to

investigate the facts and develop the record independent of the claimant or his counsel." *Pearson v. Colvin*, 810 F.3d 204, 210 (4th Cir. 2015) (citing *Cook v. Heckler*, 783 F.2d 1168, 1173-74 (4th Cir. 1986)). On the other hand, "the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994); *see Lehman v. Astrue*, 931 F. Supp. 2d 682, 693 (D. Md. 2013). "Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980). "[R]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial," however. *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

Here, Plaintiff was represented by counsel at the hearing before the ALJ. R. at 74. Plaintiff's counsel acknowledged the relevant period between April 1, 2008, and September 30, 2013. R. at 112-13. "[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). "Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Id.* As Defendant points out, Plaintiff's "attorney had multiple opportunities to question Plaintiff and present arguments," but "[t]here has been no showing as to why that representative was unable to ask the questions now identified by Plaintiff in his brief." Def.'s Mem. Supp. Mot. Summ. J. 9-10, ECF No. 13-1. "Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive

investigation." *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008). Plaintiff's argument regarding the ALJ's failure to develop the record is thus unavailing.

Plaintiff also contends that the ALJ erroneously determined that he did not have a severe impairment. In his request for review of the ALJ's unfavorable decision, Plaintiff submitted to the Appeals Council medical records dated April 3, 2014, to June 4, 2017, from Wheeling Hospital. R. at 30-69. The Appeals Council found that the ALJ "decided [Plaintiff's] case through September 30, 2013. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether [Plaintiff was] disabled beginning on or before September 30, 2013." R. at 2. The Appeals Council thus denied Plaintiff's request for review. R. at 1.

As Defendant points out, at the Appeals Council level, if the claimant submits additional evidence, the Appeals Council will grant the claimant's request for review, if, among other things, (1) the additional evidence is new, material, and relates to the period on or before the date of the hearing decision and (2) there is a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. § 404.970(a)(5), (b). If the Appeals Council denies the claimant's request for review, it need not explain its rationale for doing so. *Meyer v. Astrue*, 662 F.3d 700, 705-06 (4th Cir. 2011). The Court reviews the record as a whole, including any additional evidence that the Appeals Council incorporated into the record, in order to determine whether substantial evidence supports the Commissioner's decision. *See Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc).

"[P]ost–DLI medical evidence generally is admissible in an SSA disability determination in such instances in which that evidence permits an inference of linkage with the claimant's pre–DLI condition." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 341 (4th Cir. 2012) (citing

*Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir.1969)).  According to Plaintiff, "[a] review of the administrative record reveals that [his] neck and right upper extremity complaints began in June or July, 2013, prior to [his] date-last-insured for benefits."  Pl.'s Mem. Supp. Mot. Summ. J. 5, ECF No. 12-1 (citing R. at 46).  "By the time he was evaluated in February, 2014, [he] demonstrated zero reflexes in his upper extremities and decreased sensation to the right side of his body, (Tr. 46), and his MRI examination revealed very severe stenosis at C5-6 with cord compression."  *Id.*  The ALJ "did not consider [or] address the progressive deterioration of [his] condition, and failed to consider whether [his] cervical spine condition had progressed to the point of being a 'severe impairment' as of [his] date last insured for benefits, September 30, 2013."  *Id.*  Even if an inference of linkage with Plaintiff's pre-DLI condition could be made from this evidence (R. at 46), Plaintiff has not shown how this evidence demonstrates that he had an impairment or combination of impairments during the relevant period that met the duration requirement and that significantly limited his physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 404.1520(c), 404.1522(a).  Because Plaintiff "has failed to point to *any* specific piece of evidence not considered by the [ALJ] that might have changed the outcome of his disability claim," his argument is without merit.  *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.  Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.  The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: June 17, 2020                                        /s/
                                                  Thomas M. DiGirolamo
                                                  United States Magistrate Judge